EXHIBIT "A"

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

|  |  |
|---|---|
| IN RE: DIRECT PURCHASER PLAINTIFF (DPP) BEEF ANTITRUST LITIGATION | MDL No. |

**PLAINTIFFS CHENEY BROTHERS, INC.'S, SUBWAY PROTEIN LITIGATION CORP., AS LITIGATION TRUSTEE OF THE SUBWAY® PROTEIN TRUST, AND AMORY INVESTMENTS LLC'S MOTION FOR TRANSFER OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED OR COORDINATED PRE-TRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiffs Cheney Brothers, Inc. ("Cheney"), Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Trust ("Subway"), and Amory Investments LLC ("Amory") (together, "Movants") respectfully move the Judicial Panel for Multidistrict Litigation for a Transfer Order of the following cases to the United States District Court for the District of Minnesota: (1) *Cheney Brothers, Inc. v. Cargill, Inc. et al.*, 9:22-cv-80153-AHS (S.D. Fla.); *Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Trust v. Cargill, Inc., et al.,* 3:22-cv-00289 (D. Conn.); and (2) *Amory Investments LLC v. Cargill, Inc. et al.,* 3:22-cv-00222-MAD-ML (N.D. N.Y.) (the "Related Actions").

Movants respectfully request that the Related Actions be transferred pursuant to 28 U.S.C. § 1407 to the District of Minnesota, where they could be consolidated or coordinated for pretrial proceedings with the individual direct purchaser action currently part of the case captioned *In re DPP Beef Litigation*, Case No. 0:20-cv-01319-JRT-HB (D. Minn.) before the Honorable John R. Tunheim and U.S. Magistrate Judge Hildy Bowbeer.  Movants also respectfully request that any

1

subsequently filed "tag-along" individual direct purchaser actions brought in other courts be similarly transferred under Rule 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation to the District of Minnesota for consolidated or coordinated pretrial proceedings with *In re DPP Beef Litigation* pursuant to 28 U.S.C. § 1407.

In support of the transfer and coordination of these actions, Movants aver to the following, as more fully set forth in the accompanying brief in support of this motion:

1.     The Related Actions allege a conspiracy, starting in or around 2015 to fix, raise, maintain, and stabilize the price of beef among the same group of Defendants in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[1]  Defendants implemented and executed their conspiracy by, *inter alia*, coordinating slaughter volumes and cash cattle purchases in order to suppress the price of fed cattle and drive up the price for beef.  Accordingly, the Related Actions share a clear commonality of legal theory and purported violations.

2.     As required by 28 U.S.C. § 1407(a), the Related Actions proposed for transfer and coordination "involve[] one or more common questions of fact," including: (a) whether Defendants conspired to fix, raise, maintain, or stabilize the price of beef in the United States; (b) whether Defendants conspired to restrict the output and/or limit the production of beef with the intent and expected result of increasing beef prices in the United States; (c) whether Defendants exchanged detailed, competitively sensitive, and closely guarded non-public information about prices, capacity, sales volume, and demand for beef; (d) whether Defendants' conduct caused the prices of beef in the United States to be at artificially high and noncompetitive levels; (e) whether direct

---

[1] The Defendants in the Related Actions are the same.  Those Defendants are:  Cargill, Inc., Cargill Meat Solutions Corporation, JBS S.A., JBS USA Food Company, Swift Beef Company, JBS Packerland, Inc., National Beef Packing Company, Tyson Foods, Inc., and Tyson Fresh Meats, Inc.

128337059.8

purchaser Plaintiffs were injured by Defendants' conduct; and (f) whether Plaintiffs are entitled to, among other things, injunctive relief, and, if so, the nature and extent of such injunctive relief.

3.     There is sufficient numerosity to support transfer of the Related Actions for coordinated pretrial proceedings in light of the three recently-filed individual direct purchaser actions making up the Related Actions, as well as the anticipated filing of numerous additional individual direct purchaser actions in the wake of the recently announced settlement between the direct purchaser Class Action plaintiffs and Defendants JBS S.A., JBS USA Food Company, Swift Beef Company, and JBS Packerland, Inc. in the *In re DPP Beef Litigation,* Case No. 0:20-cv-01319-JRT-HB (D. Minn.), ECF No. 346.

4.     Transfer of the Related Actions for consolidated or coordinated pretrial proceedings would be appropriate in the District of Minnesota in Minneapolis where *In re DPP Beef Litigation*, Case No. 20-cv-01319-JRT/HB is pending.

5.     Movants base this Motion on the Brief in Support of their Motion to Transfer, and such other matters as may be presented to the Panel at the time of hearing.

Dated: March 10, 2022                    Respectfully submitted,

                                        */s/  Garth T. Yearick*

                                        David B. Esau (Florida Bar No. 650331)
                                        Kristin A. Gore (Florida Bar No. 59090)
                                        Garth T. Yearick (Florida Bar No. 96105)
                                        CARLTON FIELDS, P.A.
                                        525 Okeechobee Boulevard, Suite 1200
                                        West Palm Beach, Florida  33401
                                        Tel: (561) 659-7070
                                        Fax: (561) 659-7368
                                        desau@carltonfields.com
                                        kgore@carltonfields.com
                                        gyearick@carltonfields.com

128337059.8

Aaron A. Holman (Florida Bar No. 1010729)
Email: aholman@carltonfields.com
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Tel: (407) 849-0300
Fax: (407) 648-9099

*Counsel for Plaintiff/Movant Cheney Brothers,
Inc. and Plaintiff/Movant Subway Protein
Litigation Corp., as Litigation Trustee of the
Subway® Protein Trust*


 */s/ Michael S. Mitchell*

Scott E. Gant
Michael S. Mitchell
Sarah L. Jones
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
sgant@bsfllp.com
mmitchell@bsfllp.com
sjones@bsfllp.com

Colleen Harrison
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8204
Fax: (914) 749-8300
charrison@bsfllp.com

*Counsel for Plaintiff/Movant Amory Investments
LLC*

4

**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: DIRECT PURCHASER PLAINTIFF (DPP) BEEF ANTITRUST LITIGATION | MDL No. |

**PLAINTIFFS CHENEY BROTHERS, INC.'S, SUBWAY PROTEIN LITIGATION
CORP., AS LITIGATION TRUSTEE OF THE SUBWAY® PROTEIN TRUST, AND
AMORY INVESTMENTS LLC'S BRIEF IN SUPPORT OF THEIR JOINT MOTION
FOR TRANSFER OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR
CONSOLIDATED OR COORDINATED PRE-TRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of the Rules of Procedure for the Judicial

Panel on Multidistrict Litigation, Plaintiff Cheney Brothers, Inc. ("Cheney Bros."), Subway

Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Trust ("Subway")**,** and

Plaintiff Amory Investments LLC ("Amory") (together, "Movants") respectfully move the

Judicial Panel for Multidistrict Litigation for a Transfer Order of the following cases to the

United States District Court for the District of Minnesota to be consolidated or coordinated for

pretrial proceedings with *In re: DPP Beef Litigation,* Case No. 20-cv-1319 (JRT/HB): (1)

*Cheney Brothers, Inc. v. Cargill, Inc. et al.*, 9:22-cv-80153-AHS (S.D. Fla.) (the "*Cheney*

*Brothers* Action"); *Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein*

*Trust v. Cargill, Inc., et al.,* 3:22-cv-00289 (D. Conn.) (the "*Subway* Action"); and (2) *Amory*

*Investments LLC v. Cargill, Inc. et al.*, 3:22-cv-00222-MAD-ML (N.D. N.Y.) (the "*Amory*

Action") (the *Cheney Brothers*, *Subway* and *Amory* Actions together, the "Related Actions").

Movants also respectfully request that any subsequently filed "tag-along" individual

Direct Purchaser actions brought in other courts be similarly transferred under Rule 6.2 of the

Rules of Procedure for the Judicial Panel on Multidistrict Litigation to the District of Minnesota for consolidated or coordinated pretrial proceedings with *In re DPP Beef Litigation,* Case No. 20-cv-1319 (JRT/HB) pursuant to 28 U.S.C. § 1407.

## **PROCEDURAL HISTORY**

On June 6, 2020, a group of direct purchaser plaintiffs ("DPP") filed a class action complaint in the United States District Court for the District of Minnesota alleging a conspiracy among beef packers from 2015 to the present to limit the supply of beef in the United States, thereby artificially inflating domestic beef prices paid by direct purchasers in violation of federal law. The case was assigned to Chief Judge John R. Tunheim and Magistrate Judge Hildy Bowbeer. The DPP Class Action plaintiffs' complaint[1] was based on prior complaints filed by cattle producers and *indirect* consumer purchasers of beef in the District of Minnesota. *See In re Cattle Antitrust Litigation,* Case No. 19-1222 (JRT/HB) (D. Minn.) and *Kenneth Peterson, et al. v. JBS USA Food Company Holdings, et al.,* Case No. 19-1129 (JRT/HB) (D. Minn.). Subsequent complaints were also filed in the District of Minnesota by commercial and institutional *indirect* purchasers (*Erbert & Gerbert's, Inc. v. JBS USA Food Company Holdings, et al.,* Case No. 20-1414 (JRT/HB) (D. Minn.)) and one individual direct purchaser (*Winn Dixie Stores, Inc. and Bi-Lo Holding, LLC v. Cargill, Inc., et al.,* Case No. 21-cv-1751 (JRT/HB) (D. Minn.)). Each of these cases were eventually assigned to Chief Judge Tunheim and Magistrate Judge Bowbeer.

On September 4, 2020, Magistrate Judge Bowbeer entered an order consolidating all then-existing direct purchaser beef antitrust cases. Case No. 20-cv-1319 (JRT/HB) (D. Minn.),

---

[1] There were two separate DPP class action complaints filed, but those actions were consolidated and *Samuels v. Cargill, Inc., et al.,* Case No. 20-cv-1319 (JRT/HB) was designated as the lead case. Case No. 20-cv-1319 (JRT/HB) (D. Minn.), ECF No. 71.

ECF No. 71 ("DPP Consolidation Order"). The DPP Consolidation Order requires that any cases subsequently filed in the District of Minnesota arising out of similar conduct "shall be consolidated in the *In re DPP Beef Litigation"* absent "object[ion] within 14 days after receipt of a copy of this Order." *Id.* at 7.

As part of pretrial proceedings in *In re Cattle Antitrust Litigation*, the Court granted Defendants' first joint motions to dismiss. *In re Cattle Antitrust Litig.,* No. 19-1222, 2020 WL 5884676, at *5-6 (D. Minn. Sept. 29, 2020). Plaintiffs amended their complaints, and after a new round of motions to dismiss, the Court denied Defendants' motions as to the direct purchaser plaintiffs' Section 1 conspiracy claims, while dismissing other claims. *In re DPP Beef Litig.,* No. 20-cv-1319 (JRT/HB), ECF No. 238 (Sept. 14, 2021).

On October 13, 2021, Magistrate Judge Bowbeer entered a stipulation among the class action Plaintiffs, Winn-Dixie and Bi-Lo Holdings, and the Defendants that consolidated the individual direct purchaser *Winn Dixie and Bi-Lo Holding* case with *In re DPP Beef Litigation,* Case No. 20-cv-1319 (JRT/HB). Case No. 20-cv-1319 (JRT/HB), ECF No. 252.

The Court's order on the parties' stipulation also *coordinated* the pretrial proceedings for *In re Cattle Antitrust Litigation,* Case No. 19-cv-1222 (JRT/HB), *Peterson v. JBS USA Food Company Holdings, et al.,* Case No. 19-cv-1129 (JRT/HB); *In re DPP Beef Litigation,* Case No. 20-cv-1319 (JRT/HB), *Erbert & Gerbert's, Inc. v. JBS USA Food Company Holdings, et al.,* Case No. 20-1414 (JRT/HB). Case No. 20-cv-1319 (JRT/HB), ECF No. 252. Therefore, the primary caption for the full set of *coordinated* cases is "*In re Cattle and Beef Antitrust Litigation,"* while the subset of *consolidated* DPP cases is described as "*In re DPP Beef Litigation." Id.* at 1-4. Both the full set of coordinated cases and the subset of consolidated DPP cases bear the case number 20-cv-1319 (JRT/HB). *Id.*

On January 31, 2022, the DPP Class Action plaintiffs filed motion for preliminary approval of their settlement with the JBS defendants. *In re DPP Beef Litig.,* Case No. 20-cv-1319 (JRT/HB), ECF No. 329. A hearing on preliminary approval of that settlement was held on February 3, 2022. On February 24, 2022, the Court entered an order preliminarily approving that settlement. Case No. 20-cv-1319 (JRT/HB), ECF No. 373.

Since consolidation of the *Winn Dixie* and *Bi-Lo Holdings* action with the other cases in *In re DPP Beef Litigation*, additional individual DPP actions have been filed in three different districts: *Cheney Brothers, Inc. v. Cargill, Inc. et al.*, 9:22-cv-80153-AHS (S.D. Fla.); *Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Trust v. Cargill, Inc., et al.,* 3:22-cv-00289 (D. Conn.); and *Amory Investments LLC v. Cargill, Inc. et al.*, 3:22-cv-00222-MAD-ML (N.D. N.Y.). ***For reasons discussed further below, Movants expect that numerous additional individual DPP actions will be filed.*** Movants request that the individual direct purchaser actions listed in Schedule A be transferred to the District of Minnesota to be consolidated or coordinated for pretrial proceedings with *In re DPP Beef Litigation,* Case No. 20-cv-1319 (JRT/HB) pursuant to 28 U.S.C. § 1407.

## ARGUMENT

*In re Cattle and Beef Antitrust Litigation*—and more specifically the subset of consolidated cases comprising *In re DPP Beef Litigation* pending in the District of Minnesota—consists of antitrust class actions on behalf of four putative classes, including a putative class of Direct Purchaser plaintiffs, as well as an individual Direct Purchaser case (the *Winn Dixie and Bi-Lo Holdings* action). Recently, three additional individual direct purchaser actions have been filed in districts outside the District of Minnesota.

All of the individual direct purchaser cases allege a conspiracy to fix, raise, maintain, and stabilize the price of beef among the same group of Defendants in violation of Section 1 of the

Sherman Act, 15 U.S.C. § 1. Defendants implemented and executed their conspiracy by, *inter alia*, coordinating slaughter volumes and cash cattle purchases in order to drive up the price for beef.

The Related Actions proposed for transfer and consolidation are based on the same or substantially similar operative facts and therefore "involv[e] one or more common questions of fact" as required by 28 U.S.C. § 1407(a). Common questions of fact include: (a) whether Defendants conspired to fix, raise, maintain, or stabilize the price of beef in the United States; (b) whether Defendants conspired to restrict the output and/or limit the production of beef with the intent and expected result of increasing beef prices in the United States; (c) whether Defendants exchanged detailed, competitively sensitive, and closely guarded non-public information about prices, capacity, sales volume, and demand for beef; (d) whether Defendants' conduct caused the prices of beef in the United States to be at artificially high and noncompetitive levels; (e) whether direct purchaser Plaintiffs were injured by Defendants' conduct; and (f) whether Plaintiffs are entitled to, among other things, injunctive relief, and, if so, the nature and extent of such injunctive relief. Transfer of the Related Actions for coordination will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources. For the reasons discussed below, transfer of the Related Actions for consolidated or coordinated pretrial proceedings would be appropriate in the District of Minnesota in Minneapolis where *In re DPP Beef Litigation*, Case No. 20-cv-1319 (JRT/HB) is pending.

## I.      **Consolidation and Transfer of Related Actions Is Appropriate and Necessary**

The Panel is authorized to consolidate and transfer civil cases pending in different judicial districts (1) when the cases involve common questions of fact, (2) when consolidation and transfer

will be for the convenience of the parties and witnesses, and (3) when consolidation and transfer

will promote the just and efficient conduct of the litigation. 28 U.S.C. § 1407(a).

**A. Consolidation or Coordination Is Appropriate Because the Related Actions Involve One or More Common Questions of Fact and Law.**

Here, each of the Related Actions is substantively identical—they each allege that

Defendants conspired to fix, raise, maintain and/or stabilize prices for beef over the same time

period in violation of the Sherman Act.   The Panel consistently holds that cases involving

overlapping factual and legal issues are particularly appropriate for transfer. *See, e.g.*, *In re:*

*Payment Card Interchange Fee & Merck Disc. Antitrust Litig.*, No. MDL 1720, 2013 WL

8123000, at *1 (J.P.M.L. 2013) (transferring related antitrust cases under § 1407 because, among

other things, the cases involved common questions of fact); *In re: Auto. Wire Harness Sys.*

*Antitrust Litig.*, 867 F. Supp. 2d 1349, 1350 (J.P.M.L. 2012) (centralizing related price-fixing

actions that involved common questions of fact).   The Panel came to the same conclusion with

regard to the similarly situated related antitrust cases in *In re: Pork Antitrust Litigation*.   2021 WL

2369199, *1-2 (J.P.M.L. June 9, 2021).

**B. Consolidation or Coordination for Pretrial Proceedings Will Further the Convenience of Parties and Witnesses.**

Consolidation or coordination of the Related Actions will serve the convenience of the

parties and witnesses.   Discovery in all of these actions will involve the substantially similar

testimony and documentary evidence from the Defendants.   Defendants will likely assert similar

discovery objections and privileges in each of the pending actions.   Consolidation or coordination

of these actions will avoid duplicative, redundant, and costly discovery proceedings, and avoid

repetitive motion practice and potentially conflicting discovery and other pretrial rulings.   *E.g.*, *In*

*re Pharmacy Ben. Managers*, 452 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (transferring cases to a

single district to avoid duplicative discovery); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995) (same); *In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L. 1979) (same).

### C.  Consolidation or Coordination of Pretrial Proceedings Will Promote the Just and Efficient Conduct of the Related Actions.

Consolidation or coordination of the Related Actions will promote the just and efficient conduct of the actions.  Each Related Action will involve similar pretrial issues. Consolidation or coordination will eliminate the likelihood of duplicative proceedings that might result in inconsistent rulings and will prevent judicial resources from being wasted needlessly.  *In re AutoBody Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1391 (J.P.M.L. 2014) ("Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial matters; and conserve the resources of the parties, their counsel and the judiciary."); *In re: N Sea Brent Crude Oil Futures Litig.*, 978 F. Supp. 2d 1384, 1385 (J.P.M.L. 2013) ("Centralization will avoid duplicative discovery and eliminate the possibility of inconsistent rulings on *Daubert* motions and other pretrial matters."); *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, No. MDL 1490, 2002 WL 31432881, at *1 (J.P.M.L. Oct. 25, 2002) (stating that consolidation of cases filed nationwide would prevent inconsistent rulings).

### D.  There is Sufficient Numerosity to Support Transfer and Consolidation of the Current Individual Indirect Purchaser Actions.

The Related Actions currently consist of three individual direct purchaser cases pending before judges in three separate districts.  The Panel has ordered consolidation and transfer in similar circumstances.  *See, e.g.*, *In re: Pork Antitrust Litigation,* 2021 WL 2369199, (J.P.M.L. June 9, 2021) (granting transfer of two cases for consolidation or coordination of pretrial proceedings); *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938

(J.P.M.L. 2001) (granting transfer and consolidation of two cases); *In re Amoxicillin Patent & Antitrust Litig.*, 449 F. Supp. 601, 603 (J.P.M.L. 1978) (granting transfer and consolidation of three cases involving complex patent and antitrust issues).  Moreover, where, as here, the actions share numerous complex questions of fact, the Panel has consolidated even a relatively small number of actions.  For example, in *In re First National Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities Litigation*, the Panel consolidated two actions that arose from the same factual allegations and shared numerous "complex questions of fact." 451 F. Supp. 995, 1997 (J.P.M.L. 1978).  Accordingly, a sufficient number of actions exist to support the transfer and consolidation of the Related Actions.

###### E.  The Recent Direct Purchaser Class Action Settlement Will Likely Lead to Numerous Additional Individual Direct Purchaser Actions.

Additional individual direct purchaser cases will likely be filed given the impending deadline to opt out of the recent settlement among the DPP Class Action Plaintiffs and Defendant JBS USA Food Company preliminarily approved by the Court in the District of Minnesota.  *In re DPP Beef Litig.,* Case No. 20-cv-1319 (JRT/HB) (D. Minn.), ECF No. 373. In *In Re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.), which involves an alleged conspiracy among chicken producers and Agri Stats, and bears similarities to the conspiracy alleged in the beef cases, settlements among the various defendants and the direct purchaser class action plaintiffs led to the filing of numerous opt-out cases by individual direct purchasers.  Thus far, there are more than one hundred individual plaintiffs with their own cases in the *Broiler Chicken* litigation.  Similarly, over a dozen individual plaintiffs have filed their own cases since the creation of the *In re: Pork Antitrust Litigation* MDL.  **It is reasonable to expect that numerous opt-out cases by individual direct beef purchasers will be filed in the coming weeks and months.** An order from the Panel transferring and consolidating all future individual direct purchaser

actions with the Related Actions will further the just and efficient administration of justice by obviating any potential transfer motion practice under 28 U.S.C. § 1404 in the courts where those cases are filed, in addition to achieving the usual efficiencies that result from coordinating pre-trial proceedings.

**II.    The Related Actions Should Be Transferred to the District of Minnesota**

To determine the appropriate forum for transfer, the Panel considers: (1) where the largest number of cases is pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill, and caseloads of available judges.  Federal Judicial Center, Manual for Complex Litigation, § 20.131 (4th ed. 2004).

1.      **Where the largest number of cases is pending.**  This factor favors the District of Minnesota, where the first individual DPP case was filed and has been consolidated for pretrial proceedings with the DPP Class Action in *In re DPP Beef Litigation*.  That is also the court where the DPP (and indirect purchaser plaintiff) Class Actions were originally filed, remain pending, and have begun discovery.  The Panel has frequently opted to consolidate cases before the court that manages the litigation's first-filed complaint and most actively advances the matters before it.  *See, e.g.*, *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, No. 765 1988 U.S. Dist. LEXIS 17039, at *2 (J.P.M.L. Aug. 12, 1988) (stating that transfer to Arizona was appropriate in part because "the first-filed action [was] pending there").

2.      **Where discovery has occurred.**  The court overseeing *In re DPP Beef Litigation* has ordered that discovery in the consolidated cases, including the individual direct purchaser case, be coordinated, and entered orders setting deadlines for discovery.

3.	**Where cases have progressed furthest.**  For the same reasons discussed above, the commencement of discovery and progress in the Minnesota cases favors sending the Related Actions there.  The court presiding over the Minnesota cases has already spent considerable time hearing and deciding two rounds of motions to dismiss and has held scheduling and case management conferences to guide the progress in the cases.

4.	**The site of the occurrence of the common facts.**  No one specific location has yet emerged as the dominant site of common facts.  The packer Defendants are headquartered in a geographically diverse number of states: Minnesota (Cargill), Arkansas (Tyson), Colorado (JBS Defendants), and Missouri (National Beef).  Because of the parties' geographic diversity, it is unlikely that one district will serve as the locus of common facts or discovery.

5.	**Where the cost and inconvenience will be minimized.**  The District of Minnesota in Minneapolis is a convenient forum for each of the Defendants, to the extent in-person hearings are required. Minneapolis, the location of the court overseeing *In re DPP Beef Litigation*, is also a geographically convenient location and is served by several major U.S. airlines, including Delta Air Lines, which has a hub there.

6.	**The experience, skill, and caseloads of available judges.**  This factor also favors Minnesota, given Chief Judge Tunheim and Magistrate Judge Bowbeer's experience with the *In re Cattle and Beef Antitrust Litigation* (including the *In re DPP Beef Litigation* components) as well as *In re Pork Antitrust Litigation.*

## **CONCLUSION**

For the foregoing reasons and those articulated in their attendant motion, Movants respectfully request that, pursuant to 28 U.S.C. § 1407, the Panel transfer the Related Actions to the District of Minnesota for consolidated or coordinated pretrial proceedings. In addition, any tag-

along actions, if filed, should also be transferred to the District of Minnesota for consolidated or coordinated pretrial proceedings in accordance with the Panel's transfer order.

Dated: March 10, 2022                    Respectfully submitted,

                                          */s/  Garth T. Yearick*

                                         David B. Esau (Florida Bar No. 650331)
                                         Kristin A. Gore (Florida Bar No. 59090)
                                         Garth T. Yearick (Florida Bar No. 96105)
                                         CARLTON FIELDS, P.A.
                                         525 Okeechobee Boulevard, Suite 1200
                                         West Palm Beach, Florida  33401
                                         Tel: (561) 659-7070
                                         Fax: (561) 659-7368
                                         desau@carltonfields.com
                                         kgore@carltonfields.com
                                         gyearick@carltonfields.com

                                         Aaron A. Holman (Florida Bar No. 1010729)
                                         Email: aholman@carltonfields.com
                                         CARLTON FIELDS, P.A.
                                         200 S. Orange Avenue, Suite 1000
                                         Orlando, Florida 32801
                                         Tel: (407) 849-0300
                                         Fax: (407) 648-9099

                                         *Counsel for Plaintiff/Movant Cheney Brothers,*
                                         *Inc. and Plaintiff/Movant Subway Protein*
                                         *Litigation Corp., as Litigation Trustee of the*
                                         *Subway® Protein Trust*

/s/ Michael S. Mitchell

Scott E. Gant
Michael S. Mitchell
Sarah L. Jones
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
sgant@bsfllp.com
mmitchell@bsfllp.com
sjones@bsfllp.com

Colleen Harrison
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8204
Fax: (914) 749-8300
charrison@bsfllp.com

*Counsel for Plaintiff/Movant Amory Investments LLC*

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: DIRECT PURCHASER PLAINTIFF (DPP) BEEF ANTITRUST LITIGATION | MDL No. |

## SCHEDULE OF ACTIONS

| | Case Caption | Court (Division) | Civil Action No. | Judge |
|---|---|---|---|---|
| 1. | **Plaintiff:** Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust <br><br> **Defendants:** Cargill, Inc.; Cargill Meat Solutions Corporation (a/k/a Cargill Protein a/k/a Cargill Protein – North America); JBS S.A.; JBS USA Food Company; Swift Beef Company; JBS Packerland, Inc.; National Beef Packing Company; Tyson Foods, Inc.; Tyson Fresh Meats, Inc. | D. Conn. (New Haven) | 3:22-cv-00289 | Victor A. Bolden |
| 2. | **Plaintiff:** Cheney Brothers, Inc. <br><br> **Defendants:** Cargill, Inc.; Cargill Meat Solutions Corporation (a/k/a Cargill Protein a/k/a Cargill Protein – North America); JBS S.A.; JBS USA Food Company; Swift Beef Company; JBS Packerland, Inc.; National Beef Packing Company; Tyson Foods, Inc.; Tyson Fresh Meats, Inc. | S.D. Florida (West Palm Beach) | 9:22-cv-80153 | Raag Singhal |

| 3. | **Plaintiff:**<br>Amory Investments LLC<br><br>**Defendants:**<br>Cargill, Inc.; Cargill Meat Solutions Corporation (a/k/a Cargill Protein a/k/a Cargill Protein – North America); JBS S.A.; JBS USA Food Company; Swift Beef Company; JBS Packerland, Inc.; National Beef Packing Company; Tyson Foods, Inc.; Tyson Fresh Meats, Inc. | S.D. N.Y. (Binghamton) | 3:22-cv-00222 | Mae A. D'Agostino |

Dated: March 10, 2022

Respectfully submitted,

  */s/ Garth T. Yearick*

David B. Esau (Florida Bar No. 650331)
Kristin A. Gore (Florida Bar No. 59090)
Garth T. Yearick (Florida Bar No. 96105)
CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel: (561) 659-7070
Fax: (561) 659-7368
desau@carltonfields.com
kgore@carltonfields.com
gyearick@carltonfields.com

Aaron A. Holman (Florida Bar No. 1010729)
Email: aholman@carltonfields.com
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Tel: (407) 849-0300
Fax: (407) 648-9099

*Counsel for Plaintiff/Movant Cheney Brothers, Inc. and Plaintiff/Movant Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Trust*

2

_/s/ Michael S. Mitchell_____

Scott E. Gant
Michael S. Mitchell
Sarah L. Jones
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
sgant@bsfllp.com
mmitchell@bsfllp.com
sjones@bsfllp.com

Colleen Harrison
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8204
Fax: (914) 749-8300
charrison@bsfllp.com

_Counsel for Plaintiff/Movant Amory Investments_
_LLC_

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: DIRECT PURCHASER PLAINTIFF (DPP) BEEF ANTITRUST LITIGATION | MDL No. |

**PROOF OF SERVICE**

I hereby certify that on March 10, 2022, I directed a copy of the foregoing Joint Motion, Brief, Schedule of Actions, and this Proof of Service to be served by First Class Mail to the following:

| Served Party & Address | Related Action(s) |
|---|---|
| **Clerk, District of Connecticut** <br> Dinah Milton Kinney <br> Clerk of Court <br> 141 Church Street <br> New Haven, CT 06510 | D. Conn., 3:22-cv-00289 |
| **Clerk, Southern District of Florida** <br> Angela E. Noble <br> Clerk of Court <br> 701 Clematis Street, Room 202 <br> West Palm Beach, FL 33401 | S.D. Fla., 9:22-cv-80153 |
| **Clerk, Northern District of New York** <br> John Domurad <br> Clerk of Court <br> 15 Henry Street <br> Binghamton, NY 13901 | N.D. N.Y. 3:22-cv-00222 |
| **Cargill, Inc.** *(Defendant)* <br> c/o United Agent Group Inc. <br> 801 US Highway 1 <br> North Palm Beach FL 33408 | D. Conn., 3:22-cv-00289 <br> S.D. Fla., 9:22-cv-80153 <br> N.D. N.Y. 3:22-cv-00222 |
| **Cargill Meat Solutions Corporation** *(Defendant)* <br> c/o United Agent Group Inc. <br> 801 US Highway 1 <br> North Palm Beach FL 33408 | D. Conn., 3:22-cv-00289 <br> S.D. Fla., 9:22-cv-80153 <br> N.D. N.Y. 3:22-cv-00222 |

| Served Party & Address | Related Action(s) |
|---|---|
| **JBS S.A.** *(Defendant)*<br>c/o Patrick E. Brookhouser, Jr.<br>McGrath North Mullin & Kratz, PC LLO<br>First National Tower, Suite 3700<br>1601 Dodge Street<br>Omaha, NE 68102 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |
| **JBS USA Food Company** *(Defendant)*<br>c/o Corporation Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301-2525 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |
| **Swift Beef Company** *(Defendant)*<br>c/o Corporation Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301-2525 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |
| **JBS Packerland, Inc.** *(Defendant)*<br>1770 Promontory Circle<br>Greeley, CO 80634 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |
| **National Beef Packing Company** *(Defendant)*<br>1220 N. Ambassador Drive, Suite 500<br>Kansas City, MO 64163 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |
| **Tyson Foods, Inc.** *(Defendant)*<br>c/o CT Corporation System<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AK 72201 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |
| **Tyson Fresh Meats, Inc.** *(Defendant)*<br>c/o CT Corporation System<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AK 72201 | D. Conn., 3:22-cv-00289<br>S.D. Fla., 9:22-cv-80153<br>N.D. N.Y. 3:22-cv-00222 |

Dated: March 10, 2022

/s/ Garth T. Yearick
Garth T. Yearick (Florida Bar No. 96105)
CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel: (561) 659-7070
Fax: (561) 659-7368
gyearick@carltonfields.com

*Counsel for Plaintiff/Movant Cheney Brothers, Inc.
and Plaintiff/Movant Subway Protein Litigation
Corp., as Litigation Trustee of the Subway®
Protein Trust*